UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA ELLIOTT, | : | |
| Appellant, | : | 3-22-cv-1808 |
| v. | : | (JUDGE MANNION) |
| VINCENT A. PIAZZA III, | : | |
| Appellee | : | |

## MEMORANDUM

Appellant Patricia Elliott, Chapter 7 Bankruptcy Creditor, appeals a final order of the Bankruptcy Court in an adversary proceeding seeking a declaration of non-dischargeability. The matter has been fully briefed and is ripe for disposition. Appellant asks the court to determine whether the Bankruptcy Court erred as a matter of law by finding that the Debtor, Vincent A. Piazza III, was entitled to judgment on Appellant's claim for exception to discharge pursuant to 11 U.S.C. §523(a)(2)(B) and by excluding as hearsay Appellant's Exhibit Tab 90 (the Affidavit of Bradley Strahl.)  Since the court does not detect any error in the record below, the order of the Bankruptcy Court will be **AFFIRMED,** and Appellant's Appeal will be **DENIED.**

I. **Background**

This dispute arises out of Appellee's use of Appellant's credit cards pursuant to an oral agreement entered into in June 2011. On or prior to July

2013 Appellee incurred debts on Appellant's credit cards in excess of her credit limit. In July 2013 Appellee agreed to cease his usage of Appellant's credit cards but continued to incur debts after July 2013. Appellant demanded payment of these debts, but Appellee failed to pay her in breach of their agreement. On April 10, 2014, Appellant filed an action for breach of contract against Appellee in the District Court of the State of Alaska, First Judicial District at Ketchikan. Summary judgement was awarded in Appellant's favor on February 26, 2015, and three separate monetary judgments totaling $82,766.06 were issued. Appellee did not pay these judgments and filed for bankruptcy under Chapter 7 of the Bankruptcy Code on May 31, 2018.

On September 4, 2018, Appellant filed an adversary complaint seeking a declaration of non-dischargeability regarding the $82,766.06 in state court judgments owed to her by Appellee pursuant to 11 U.S.C. §523(a)(2)(A) and 11 U.S.C. §523(a)(2)(B). Trial was held on March 16, 2022. During trial the Bankruptcy Court excluded Appellant's Exhibit Tab 90 (the Affidavit of Bradley Strahl), which allegedly showed Appellee's intent to deceive Appellant, as hearsay. (Doc. 4) On November 4, 2022, the Bankruptcy Court entered an order supported by a twelve-page opinion granting judgment for Appellee, finding that the state court judgments owed to Appellant were

subject to discharge. (Doc. 1-2) In pertinent part, the Bankruptcy Court rejected Appellant's claim under §523(a)(2)(B), which *inter alia* excepts debts incurred by fraud from discharge, on the basis that Appellee did not have an "intent to deceive" Appellant. Specifically, the Bankruptcy Court found "the record is devoid of any evidence indicating that Piazza intended to deceive Elliott in writing or otherwise in order to retain access to the Cards despite his non-payment." Id. Appellant timely appealed arguing that the Bankruptcy Court erred as matter of law in rejecting its claim under §523(a)(2)(B) and excluding the Affidavit of Bradley Strahl as hearsay.

## II.    Legal Standard

This court has appellate jurisdiction over the this appeal of the Bankruptcy Court's order pursuant to 28 U.S.C. §158(a)(1) (The district court has "jurisdiction to hear appeals from final judgments, orders, and decrees" of a bankruptcy court). *See In re Michael*, 699 F.3d 305, 308 n.2 (3d Cir. 2012) ("[A] district court sits as an appellate court to review a bankruptcy court."). When a district court sits as an appellate court over a final order of a bankruptcy court, it reviews the bankruptcy court's legal determinations *de novo*, its findings of fact for clear error, and its exercise of discretion for abuse of discretion. *In re Trans World Airlines, Inc.*, 145 F.3d 124, 131 (3d Cir. 1998).

When reviewing for clear error, "it does not matter that this Court 'would have reached a different conclusion' if presented with the matter in the first instance." *Campbell v. Conway*, 611 B.R. 38, 43 (M.D. Pa. 2020) quoting *Prusky v. ReliaStar Life Ins.*, 532 F.3d 252, 258 (3d Cir. 2008) The Court must accept the Bankruptcy Court's factual findings unless it is "left with the definite and firm conviction that a mistake has been committed." *Id.*

This court reviews the Bankruptcy Court's evidentiary rulings for abuse of discretion but exercises plenary review to the extent the rulings are based on a legally permissible interpretation of the Federal Rules of Evidence. *See Id.* citing *United States v. Fattah*, 914 F.3d 112, 177 (3d Cir. 2019); *see also United States v. Reilly*, 33 F.3d 1396, 1410 (3d Cir. 1994) (discussing appellate standard of review in the context of a hearsay ruling).

Furthermore "[t]he burden of proving that a debt is nondischargeable is upon the creditor, who must establish entitlement to an exception by a "preponderance of the evidence." *In Re Cohn*, 54 F.3d 1108, 1114 (3rd Cir. 1995), citing *Grogan v. Garner*, 498 U.S. 279, 282-89 (1991). "The overriding purpose of the Bankruptcy Code is to relieve debtors from the weight of oppressive indebtedness and provide them with a fresh start. Exceptions to discharge are strictly construed against creditors and liberally construed in favor of debtors." *Id.* at 1113 (3d Cir. 1995)

### III. Discussion

### A. Appellant's Claim of Exception to Discharge under §523(a)(2)(B)

The Bankruptcy Court did not erroneously determine non-dischargeability under §523(a)(2)(B). Appellant claims that the Bankruptcy Court conflated the question of whether the Appellee had the intent to deceive Appellant about these specific misrepresentations on which Appellant's §523(a)(2)(B) claim is based, and the general question of whether the Appellee ever had any subjective intent to repay the debts. (Doc. 5 pg. 18) This court disagrees because the former is determined by the latter.

It is well established that "a broken promise to repay a debt, without more, will not sustain a cause of action under §523(a)(2)(A)." *In re Singh* 433 B.R. 139, 161 citing *In re Harrison,* 301 B.R. 849, 854 (Bankr.N.D.Ohio, 2003). Were it otherwise, every breach of contract would give rise to a non-dischargeability claim under §523(a)(2)(A). "Instead, central to the concept of fraud is the existence of scienter which, for the purposes of §523(a)(2)(A), requires that it be shown that at the time the debt was incurred, there existed no intent on the part of the debtor to repay the obligation." *Id.* Determining whether a debtor had the requisite fraudulent intent involves a subjective inquiry. *Field v. Mans,* 516 U.S. 59, 70–72 (1995). In the Third Circuit, intent

and knowledge may be inferred based on the "totality of the circumstances." *See In re Cohn,* 54 F.3d at 1118–19. Thus, the relevant analysis in determining non-dischargeability under §523(a)(2)(B) is whether Appellee had the subjective intent when the debt was incurred to repay the obligation.

The Bankruptcy Court made multiple factual findings that indicate Appellee had the subjective intent to repay the debts at issue when they were first incurred and in turn did not intend to deceive Appellant. For example, the Bankruptcy Court found that Appellee charged approximately $902,000 to Appellant's cards but repaid $836,000. (Doc. 1 pg. 9) While no payments were made in some months, in other months payments were made in excess of the balance due that month. Id. The Bankruptcy Court also noted that Appellee told Appellant to cancel the cards in July 2013 and "credibly testified, without opposition, that those charges were most likely 'several reoccurring monthly payments' whose accounts were set up to automatically charge the cards." Id.  Likewise, the Bankruptcy Court found that the totality of circumstances of the case indicated the Appellee did not intend to deceive Appellant because Appellee credibly testified that he always intended to repay the balance on Appellant's cards but only could not do so because of unforeseen circumstances with his business. (Id. pg. 10)

This court must respect the credibility findings of the Bankruptcy Court.

*See* Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.") Accordingly, this court agrees with the Bankruptcy Court that Appellee's testimony does not indicate that Appellee had the requisite intent to deceive Appellant.

Appellant cites four cases[1] to support the proposition that submissions of materially false documents not the intent to repay is the determinative analysis under §523(a)(2)(B). Besides the fact that none of these cases are binding on this court, they all involve misrepresentations on financial statements (i.e., loan applications). Lying on a loan application is itself fraud and thus precluded the given courts from having to address the debtors' general intent to repay the given debt. Appellant does not assert that Appellee lied on any loan application or similar document, she only asserts that he intentionally misrepresented his assets in emails to her. Appellant claims that this misrepresentation gives rise to an intent to deceive her, but the Bankruptcy Court disagreed finding Appellant based her assertion on

---

[1] *Drehsen v. Bank of St. Petersburg* (*In re Drehsen*), 190 B.R. 441, 445 (M.D. Fla. 1995); *In re Lundy*, 165 B.R. 157, 163 (Bankr. W.D. Pa. 1994); *In re Rodriguez*, 184 B.R. 467, 471 (Bankr. E.D. Pa. 1995); and *Shawmut Bank v. Lyons*, 153 B.R. 95, 97 (Bankr. D.N.H. 1993)

"unforeseen factual developments in this case which post-date the emails at issue." (Doc. 1 pg. 10 n. 12) Appellant failed to contradict Appellee's testimony that the facts in the emails were true as of the date he sent them to her and thus did not impeach Appellee's credibility in the eyes of the Bankruptcy Court. Id.[2]

Appellant claims the Bankruptcy Court also erred as a matter of law in concluding that Appellant's claims do not fall under the §523(a)(2)(B) discharge exception because the court failed to apply the facts to the proper legal test for determining discharge. This court again disagrees. Appellant claims that the proper test for determining discharge is the five-element test cited by *In re Adesanya*, 630 B.R. 435, 451 (Bankr. E.D. Pa. 2021). The Bankruptcy Court citing directly to the statute acknowledges this test. (Doc 1 pg. 8) It then engages in a thorough analysis of the fifth element: intent to deceive. Having determined that Appellant failed to meet her burden of establishing appellee intended to deceive her the Bankruptcy Court did not consider the remaining elements under §523(a)(2)(B). (Id. pg. 10 n. 13). Had the Bankruptcy Court engaged in a similar analysis of each element as

---

[2] Appellant claims that the Affidavit of Bradley Strahl could have impeached Appellee's credibility but on appeal a court "may not consider material or purported evidence which was not brought upon the record in the trial court." *United States ex rel. Bradshaw v. Alldredge*, 432 F.2d 1248, 1250 (3d Cir. 1970).

Appellant appears to suggest they should have done, the outcome would not have been different because failure to satisfy one element alone defeats Appellant's burden. Thus, the Bankruptcy Court did not erroneously determine non-dischargeability as a matter of law.

### B. Exclusion of Bradley Strahl's Affidavit as Hearsay

Appellant attempted to enter the Affidavit of Bradley Strahl, as evidence that Appellee's representations in his emails to Appellant were false as of the date they were sent. The Bankruptcy Court excluded this evidence as hearsay but Appellant claims it was still admissible as a self-authenticating business record under Federal Rules of Evidence 803(6) and 902(8). Nonetheless Appellant did not raise this argument at trial and thus has failed to preserve the same on appeal. Appellant argues that the Strahl Affidavit meets all of the criteria for admissibility under the business record exception to the hearsay rule found in Federal Rules of Evidence, Rules 803(6) and 902(8). (Doc. 5 pg. 30) However, Appellant submits no evidence that she ever made this argument to the Bankruptcy Court. Appellee submits that "after Defendant's counsel raised the hearsay objection to the Affidavit, Appellant's failure to argue the 'business record' exception to the rule against hearsay at the time of trial or in her post-trial brief, amounts to waiver or failure to preserve that issue, which should not and cannot be raised for the

first time on appeal." (Doc. 7 pg. 9) Appellant does not rebut this argument nor could she based on the Bankruptcy Court's transcript.

According to the transcript when asked by the Bankruptcy Court why the affidavit is not hearsay, Appellant's counsel did not respond that it satisfied the requirements of Rules 803(6) and 902(8). Instead, Appellant's Counsel made only a vague argument about the affidavit's foundation to which the Bankruptcy Court responded "[t]hat's not a recognized exception to the hearsay rule." (Doc. 4 pg. 61:24-25) The Bankruptcy Court in fact even went as far to suggest that instead the Affidavit may be admissible as a statement against interest or party admission. (Id. pg. 61-62 25-1). Yet Appellant's counsel made no argument that the affidavit was admissible under these exceptions.

In *United States v. Joseph*, the Third Circuit explained how to preserve an argument on appeal: the same legal rule and same facts must have been presented in the District Court. 730 F.3d 336, 342 (3d Cir. 2013). Since this court sits as an appellant court in the instant appeal the same standard applies here. *See In re Michael*, 699 F.3d 305, 308 n.2 (3d Cir. 2012) ("[A] district court sits as an appellate court to review a bankruptcy court."). Appellant did not present the same legal rule (i.e. Rules 803(6) and 902(8)) to the Bankruptcy Court as it presented to this court. Thus, while the

Bankruptcy Court did previously rule on the general admissibility of the Affidavit it did not specifically address its admissibility as a self-authenticating business record because the applicable rules were never presented to it.

If Appellant had preserved this argument, it would have been reviewed for abuse of discretion on appeal. *Campbell v. Conway*, 611 B.R. 38, 43 (M.D. Pa. 2020) citing *United States v. Fattah*, 914 F.3d 112, 177 (3d Cir. 2019). But since defendant did not, then to prevail, she must meet the four requirements of plain-error review. *See United States v. Greenspan*, 923 F.3d 138, 147 (3d Cir. 2019).

The first prong of plain-error review examines whether the trial court erred. *See United States v. Jabateh*, 974 F.3d 281, 298 (3d Cir. 2020) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). For purposes of that prong, the difference between preserved and unpreserved error is immaterial: in either circumstance, an appellate court uses the standard of review that would have applied had the argument been preserved. *See United States v. Adair*, 38 F.4th 341, 355–56 (3d Cir. 2022). Thus, the real effect of unpreserved error comes not from the first plain-error prong but rather from the latter three prongs, which do not apply to preserved arguments and which require an appellant to make additional showings of plainness, effect on substantial rights, and serious effect on the fairness,

integrity, or public reputation of judicial proceedings. *See generally Olano*, 507 U.S. at 732–36. But if there is no error, then the latter three prongs are of no consequence, and a challenge fails regardless of whether it was preserved. *See Adair*, 38 F.4th 341, 355–56 (3d Cir. 2022).

Here there was no error. The affidavit is a written statement rather than verbal testimony which was not made at trial and which the Plaintiff is attempting to use to prove the truth of the matter being asserted. Thus, it is clearly hearsay. Although Appellant did not argue any particular exception to the Bankruptcy Court, Appellant now argues that the Affidavit meets all the requirements of admissibility as a business record under Rules 803(6) and 902(8). Still even if this was the case such a record can be excluded if it's deemed untrustworthy. See *In re Japanese Electronic Products Antitrust Litigation,* 723 F.2d 238, 289 (3d Cir.1983), rev'd. on other grounds, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986). ("Under Rule 803(6) the court can exclude business records if the source of information or circumstances of preparation suggest untrustworthiness.)

The Bankruptcy Court viewed the Affidavit with suspicion from the onset because it was not subject to cross-examination and the Affiant, Bradley Stahl's, company allegedly owes Appellee debtor money, thus giving it a stake in the bankruptcy. (Doc. 4 pg. 60:24-61:3) This court agrees. Cross

examination of the affiant was necessary to determine if the records really did satisfy the requirements of Rules 803(6) and 902(8) (i.e. they were prepared in the ordinary course of business). Similarly, cross-examination was necessary to assess the credibility of Affiant, especially given his own potential adversity to Appellee. Appellant dismisses concerns about such adversity on the basis that there was no litigation between Appellee and Affiant. This alone does not mean the parties were not adverse nor does it mean Affiant did not have a stake in Appellee's bankruptcy. In fact, Appellee has indicated that he has records showing Affiant's company owed him money in contravention of the records submitted with the Affidavit, which both shows a stake in the bankruptcy as well as further casts doubts on the trustworthiness of the Affidavit. (Doc 7 pg. 17)

     Still appellant argues that Appellee could have deposed Affiant prior to the trial. Conversely Appellant could have also just produced Affiant at trial. Either way the Affiant was never subjected to cross examination and thus the Bankruptcy Court committed no error in finding that absent such a test the Affidavit was untrustworthy. Since there was no error, this court need not further analyze this issue.

- 14 -

## IV.     Conclusion

In light of the foregoing and based on a thorough review of the record below, the court will **AFFIRM** the Bankruptcy Court's order denying reconsideration and **DENY** Appellant's Appeal. An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 2, 2023**
22-1808-01